Good morning, Your Honors. My name is Douglas July. I'm representing the petitioner in this case and I'd like to reserve five minutes for rebuttal, please. The petitioner in this case was charged with two counts of removability by the Immigration Authorities, Department of Homeland Security. Although the court is likely to focus on the aggravated felony issue in this case, I just very briefly want to touch on the legal error that was committed by the board when they found that the petitioner's properly vacated controlled substance conviction was not any basis for reopening and was basically labeled irrelevant. That was legal error. If we go to the record at 539, we see the notice to appear and we see that the controlled removability grounds that was found by the immigration judge. So why in the world would the board find that it was an irrelevant point in the case? Now I'll move on to the real meat of the case, which is the aggravated felony ground. The petitioner's aggravated felony was a crime of violence with a 365-day sentence. Petitioner... As a felony. As a felony. Yes, Your Honor. And also suspended time. Yes, Your Honor. That's correct. The state court that convicted the petitioner modified that sentence after the fact, after the immigration court and the board had already found respondent to be removable. Excuse me, the petitioner. The petitioner scrambled to go to criminal court and get a timely motion in with the board, which he did. And that sentence modification was done after a penal code 1203.4 expungement. It was a completely separate motion. And if we look at the record at page 24 to 25, we see that after the expungement is granted, petitioner's counsel states, we'd like to make another motion for the court to reduce the sentence from 365 days to 364 days. Was the suspended time changed? Or just the time to serve? It doesn't specify, Your Honor. Well, as I understand it, and this goes back to my days when I was a muni court judge and under 17b, he reduced the felony, he reduced the charge to a misdemeanor. And that allowed the sentence to be further reduced to 364 days. Under six, under 13, was it 18.5? That's correct. Practically speaking, it's safe to say that is what happened. That's what happened. If we look at the transcript, it says it's under 1835. That makes no sense. It had to be 18.5. And I agree. I completely agree with the court. But the point is that the board just completely manufactured the fact that this sentence reduction was under 1203.4. Correct. It wasn't. It was not under 3204. It wasn't. It had to be under 17b and 18.5. That's correct. We look at 1203.4. It doesn't authorize a sentence modification. It doesn't discuss a sentence modification. Those happen under 17b in tandem with the new statute, 18.5. Now what the board should have done is recognized that this was a sentence modification, that it happened before Thomas and Thompson came out and reopened the case and remanded for the, often they will reopen and remand for the department to have a chance to prove their record because the department's burden in this case. Mr. Sanchez-Tarabio was a legal permanent resident who's been here since he was a minor. His rights were being taken away from him. This is not something where it's a discretionary determination, a fact that was made by the board. This is a legal determination, a mixed question of fact and law. And I'll cite Cowher v. Wilkinson to buttress that. So one, the board abuses its discretion in manufacturing a finding and should be remanded because substantial evidence does not support that conclusion. No, but what the board said was that really what the, the way they understood the superior court proceedings was that they just vacated. And a vacator for purposes of immigration-ish matters doesn't count. They, you still have an aggravated felony. As I read their decision, they didn't address the separate circumstance of sentence reduction only. It's a bizarre- So the problem here is that there was an earlier, and it's in the briefs, there was an earlier decision by the board under Cota, I think it was Cota Vargas? Yes. Which said, well, you know, sentence reductions aren't the same as vacator matters. Conviction vacators. Conviction vacators. That's right, John. And, but then the Attorney General in Thomas and Thompson said, oh, no, no, we're going to treat all this stuff the same. Now, what I gathered here was that there was a desire, given the change in law, is that you need, is that you want to challenge the Thomas and Thompson decision because it's never yet, it hasn't yet been reviewed, but the board didn't address it. So you can't really do it here because we're, we're stuck reviewing what the board, the decision the board made. They didn't address that. So it seems to me that what, at least the way I, and I'm only one of three, as Judge Kristen said earlier, I'm only one of three, but it seems to me the proper thing here is this should just go back to the board. The board should address the sentence reduction issue and they'll say, well, we're bound by Thomas and Thompson, and then it'll be teed up and you can come back to the Ninth, you can come back to the Ninth Circuit and argue that Cota is the correct approach. I would appreciate if the court could also point out that the board engaged in legal error and, along the way, and, and abusive discretion in the factual matter as well as in the controlled substance conviction issue. I think those are, it's a bizarre opinion. Why did they apply, they used Thomas and Thompson in the decision, and they, but they applied that to the, to the conviction vacator, and then they don't use Thomas and Thompson in the application of the sentence modification. Quite frankly, it makes no sense, and I think it's problematic that we have to be here today because of the board's error. If the court doesn't need to hear about retroactivity of Thomas and Thompson, then I will reserve the rest of my time. I think that's fine. Thank you, Your Honors.  May it please the court, Jenny Lee on behalf of the respondent, the Attorney General of the United States. Judge Paz raised a very good question as to whether the sentence was reduced pursuant to 18.5. First, I'll say that the board did address the sentence reduction. At the administrative record at 3, the board specifically stated that the respondent pursuant to California Penal Code 1203.4 subsequently obtained an amendment of the complaint changing the charge from a felony to a misdemeanor has no bearing on the sustained charge of removability. Well, that's the problem. They cite to 120, was it 1203.4? 1203.4, that's correct, Your Honor. Yes. So, but that's not what the way the Superior Court acted. 1203.4 doesn't give the Superior Court the authority to reduce the charge or to impose a different sentence. That is correct, Your Honor. But the board looked at the record that Petitioner's Council provided in the motion to reopen and looked at it as a whole to say the motion was brought as a 1203.4. If we look at the transcript at 20, which is the docker sheet from April 26th, it states that the probation order is terminated pursuant to 1203.3. It states 1203.4 three times there. And then only on the next page do we talk, does the docker report indicate that it was reduced, it was changed from a felony to misdemeanor pursuant to 17B. There's no mention of 18.5 in the minute report. And then if we go to the transcript, which again, we don't have the full transcript because Petitioner's Council only provided a caption of it. The state court judge stated that we're here on a 1203.4 motion. We're reduced, you know, everything like that. And then after the judge said, I'm deeming it paid in full, I'm granting the 2513.4 motion, which obviously is a typo. And then Petitioner's Council stated, Your Honor, part of our motion as well in an exercise of discretion under the new amendment to PC17B to reduce the offense from a felony to a misdemeanor. So if you look at the record that Petitioner's Council provided, we clearly see what happened. We have a 1203.4 expungement. Then we move to a 17B sentence, felony to misdemeanor. And then obviously from that we get the sentence reduction. If an expungement is not going to be enough for the conviction, for the vacator to be no longer valid for immigration court purposes, it makes no sense that you get from a vacator all the way down to a sentence reduction. A one-day sentence reduction would be sufficient. Well, that's a reason that the legal position in Thomas and Thompson might be correct, right? But the board didn't really say that here. I mean, as we've been exploring, you've got sort of three separate things that the state court is doing. It would be one thing if the But the board's opinion doesn't give any indication that it even understood that there were different things going on. So how do we deal with that? Well, again, I will say that the board did understand that there was a sentence reduction because the felony to a misdemeanor obviously comes with a sentence reduction. And it looked at the documents that were provided. And based on the record, I would say that the board was correct with regard to petitioner's claim about burden of proof. Petitioner's counsel relies on NAF, this court's decision in which the burden allocation was shifted in a motion-free open setting to the government. And in NAF, well, after NAF was decided, the board decided matter of Chavez-Martinez 24 INN decision 272 in 2007, recognizing that there was a circuit split regarding the burden allocation. And the board stated that if we have a motion-free open at this late stage where everything has already been litigated with regard to removability, then the party bringing the motion-free open bears the burden of establishing whether there's any inconclusive documentation. And that's consistent with the INA, the regulations, Supreme Court case law. And as a matter of fairness, efficiency, and finality, that it would be better served that the person who is bringing the state court motions, who has control of all those documentation, can bring it forward to the court for the court to examine. Well, we have the docket. What more do we need? Well, I guess there's no question that the documents are not inconclusive then. We know that it's, that he had a 1203.4 expungement, then the sentence reduction, and then 18.4. So we're clear on that? There's no ambiguity? Well, it's just that, you know, you start off by saying 12, this was a 12 point, 12. 1203.4. 1203.4, motion. And that's what happened here? Yes. That's really not what happened here. That's only part of what happened here. But the sentence reduction flows from the expungement. Yes, but it's separate authority. It's based, it's grounded on a separate statute. The Superior Court just can't go around under any statute and change, you know, switch it from a felony to a misdemeanor or from a, reduce the sentence. They need authority. And so the authority rests on a certain statute that gives the court the authority to do that. The general expungement statute didn't give the court the authority to do that. The court had to rest its decision on 17.B, 17B, and on the recent statute, 18.5, to get that 34 days. Now, let me ask you this. So Thompson and Thompson seems to, if you read Thompson and Thomas and Thompson, you know, for what it says, it seems that his argument here just doesn't hold any water. That is correct. Correct? Correct. But previously, there used to be a case that said, well, if there's a sentence reduction, we're going to treat that differently. Right. And when we talk about the earlier case law with regard to sentence reduction, well, sorry, I take that back. We're not, the board did not apply Thomas and Thompson to the Corporal Injury Conviction, so I hate to opine on what, how that should apply to the sentence reduction. And if we're talking about the old law, like, we know clearly from this court's case law that a sentence reduction or something, a conviction vacated for rehabilitative purposes is never going to be good enough for immigration, for immigration purposes. So I do not see why this case would need to be remanded for the board to simply state. Let me ask you this. So you think it would be proper for us to consider his argument about that Thompson and, Thomas and Thompson is, should be limited in some way? Or should be, or is improper? This isn't the case for it. That's kind of what I thought, because the way in which the board handled the case. Right. So if it was another case, like Judge Pius, you indicated that if it went back to the board and the board applied Thomas and Thompson and it came back, then I guess in that situation we can talk about Thomas and Thompson with regard to the Ag Fell. But here we don't have that. Did the Superior Court reduce the amount of suspended time or just the jail time? Well, so it looks like based on the limited information we have, we just have that one day reduction. It didn't say anything about the suspended. But we do know from the limited documentation that this, that there was an amended complaint. Of course, we don't have those documents here, because it wasn't provided. If the court has no further questions, we rest on our pleadings. Thank you. The court should find clear error and remand. If the court doesn't find clear error and remand, the court doesn't even need to remand. The court can find. So DHS is a party to these proceedings. Could you finish that sentence? We wouldn't need to remand because what? Because the petitioner proved, met his burden on the motion to reopen. Even with Thomas and Thompson. Let's say Thomas and Thompson controlled. Even with Thomas and Thompson, the petitioner submitted the documentation that showed the sentence was reduced. I know, Your Honor, Judge Christin, you have an issue with the suspended versus the time served. But I, quite frankly, I don't think actual jail time can be reduced after it's been served. At this point, he had already served his time. This was much after the fact. Suspended time. He still had a four-year. That's what I'm saying. I don't think any other sentence, actual jail time, couldn't be reduced because he'd already served his sentence. The only sentence that was left was a suspended sentence that was reduced. Well, what's this? At a misdemeanor, you can only get 364 days in custody, and that's it. Suspended or actual. That's correct. There's nothing left. That's correct, Your Honor. It's over. The point I'm getting at here is that that sentence was reduced, and Mr. Straubius submitted, it was modified, he submitted that proof to the board. And DHS was served with a copy of that motion, and they did not respond. That's their chance. The government is sitting here arguing, you know, petitioner's in charge of the submission of these documents. Well, sure he is, but he's not the only party in the proceeding. The U.S. government is the other party. So why didn't they respond, and the Department of Homeland Security respond, and say, hey, this is, this is not a proper sentence reduction? Or why didn't they submit the more evidence that was, that the government today is arguing that was required? They didn't submit anything. And it's their burden in these proceedings. Mr. Sanchez-Straubius is a legal permanent resident. It's the government's burden under NAFTA to prove that he's removable. This case should not be, I think in the alternative, it could be remanded if the board wants it back up here, or excuse me, if the panel wants it back up here again. But in my opinion, it would be a waste of time, because he's not removable as charged. I don't mean to engage in some sort of argument with you, but Thomas and Thompson gives you, is a major problem for you. And as the government said, it's not really teed up for us, given the way in which the board disposed of the case. It seems to me that the board needs to address the sentence issue. And it's not just a question of, of, you know, whether it was a felony or not a felony. It's pretty clear from the docket of the, of the Superior Court that at the end of that session, when the, after the court reduced the sentence to a misdemeanor and imposed a 364-day sentence, it then terminated all proceedings. That's the last entry in the docket. That's correct, Your Honor. Oh, that's, that's in, that is, if you look at the print date of the docket. But there's more after this? Just the transcript of the hearing, of the, of the sentence reduction. No, but you mean of the docket. Oh, I, this is what we were able to get from the, from the Superior Court and submitted. Because it says, count one, disposition convicted, EMV abstract not required, next schedule event, proceedings terminated. I'm sorry, I'm not following the court. I'm just reading from the docket. I understand that, but we also have the, the transcript of the, of the hearing, the certified transcript of the hearing when the sentence was reduced. That's right after the docket. In the, in the record. At, at, at 20, specifically the sentence was reduced at 24 and 25 of the certified administrative record. I'll just say two things. 17B, if we, if we look at, the court believes it was a 17B reduction. It doesn't say whether that's for rehabilitative purposes or not. So it's an inconclusive record. And in addition, Thomas and Thompson, I, I would encourage the court to follow the Seventh Circuit decision, find it's, it's not retroactive. The Seventh Circuit as opposed to the Eleventh Circuit actually goes through the retroactivity factors and analyzes them. The, the facts in the Seventh Circuit case were nearly identical to the facts in this case. Thomas and Thompson was published, but much after the actual sentence was modified to kind of sweep the rug out from under the petitioner with a new regime of, of, of sentence classification and sentence modifiers in the immigration context. So in the Eleventh Circuit, they just kind of boldly say that the original sentence was the original intent and they, they claim originalism of the statute that Congress didn't intend to allow for these sentence modifications to be recognized in the immigration context. So I, asking the court to recognize that respondents, excuse me, petitioners conviction, sentence modification was properly modified and should be recognized by the board. And he's no longer removable as charged. We know that they erred legally on the controlled substance conviction without a doubt. We're asking the court to recognize that in addition on the aggravated felony, the board erred in finding that it, that this legal permanent resident was removable as charged. And lastly, in the alternative, we ask the court remand so that the board can make, organize its analysis under Thomas and Thompson. Thank you, Your Honors, very much for the time. Thank you both for your arguments. We'll take that matter under advisement and we'll stand in recess. All rise. This court stands in recess. Thank you.
judges: PAEZ, CHRISTEN, MILLER